

Submitted March 8, 2011.*

Filed March 10, 2011.

Robert Michael Johnson, Vacaville, CA, pro se.

Jane Catherine Malich, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Johnson contends that the Board's 2003 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, —— U.S. ——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Johnson raises no procedural challenges, a COA cannot issue, and we dismiss the

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**

**Elmor Jacob DE LEON, Petitioner–Appellant,**

v.

**M.A. MUNTZ, Respondent–Appellee.**

No. 06–55895.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 10, 2011.

Elmor Jacob De Leon, Avenal State Prison, Avenal, CA, pro se.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Elmor Jacob De Leon appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

De Leon contends that the Board's 2004 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, —— U.S. ——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because De Leon raises no procedural challenges, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2). Further, because De Leon has not has made a substantial showing of the denial of a constitutional right, we decline to certify his remaining claims. *See* 28 U.S.C. § 2253(c).

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.